MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ALMA PERALTA, CAMILA ALEJANDRA
PINTO SILA, ELIZABETH ARIAS, LLUVIA
SERNA, MARIA CASARRUBIAS (A/K/A
JENNY), and YAJAIRA LEONARDO
*individually and on behalf of others similarly*
*situated,*

<em>Plaintiffs</em>,

-against-

JOHN ALLAN'S FIFTH AVENUE LLC
(D/B/A JOHN ALLAN'S), THE JOHN
ALLAN COMPANY (D/B/A JOHN
ALLAN'S), JA TRIBECA, LLC (D/B/A JOHN
ALLEN'S), JOHN ALLAN, EMMA ALLAN,
EDUARDO MENEZES, AMORY
COSTANZO, and MARIA SOLANO,
<em>Defendants.</em>
-------------------------------------------------------X

<strong>COMPLAINT</strong>

<strong>COLLECTIVE ACTION UNDER</strong><br><strong>29 U.S.C. § 216(b)</strong>

<strong>ECF Case</strong>

Plaintiffs Alma Peralta, Camila Alejandra Pinto Sila, Elizabeth Arias, Lluvia Serna, Maria

Casarrubias (a/k/a Jenny), and Yajaira Leonardo individually and on behalf of others similarly

situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates,

P.C., upon their knowledge and belief, and as against John Allan's Fifth Avenue LLC (d/b/a John

Allan's), The John Allan Company (d/b/a John Allan's), JA Tribeca, LLC (d/b/a John Allen's),

("Defendant Corporations"), John Allan, Emma Allan, Eduardo Menezes, Amory Costanzo, and

Maria Solano, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants John Allan's Fifth Avenue LLC (d/b/a John Allan's), The John Allan Company (d/b/a John Allan's), JA Tribeca, LLC (d/b/a John Allen's), John Allan, Emma Allan, Eduardo Menezes, Amory Costanzo, and Maria Solano.

2.      Defendants own, operate, or control three salons, located at 611 Fifth Avenue, Seventh Floor, New York, New York 10022 (hereinafter "the Fifth Avenue location"), 46 East 46th Street, New York, New York 10017 (hereinafter "the 46th Street location"), and 62 Laight Street, New York, New York 10013 (hereinafter "the Tribeca location") all under the name "John Allan's."

3.      Upon information and belief, individual Defendants John Allan, Emma Allan, Eduardo Menezes, Amory Costanzo, and Maria Solano, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the salon as a joint or unified enterprise.

4.      Plaintiffs were employed as manicurists, assistants, shampoo girls, and hair washers at the salons located at 611 5th Avenue, Seventh Floor, New York, NY 10022, 46 East 46th Street, New York, New York 10017, and 62 Laight Street, New York, New York 10013.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate three salons located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14.     Plaintiff Alma Peralta ("Plaintiff Peralta" or "Ms. Peralta") is an adult individual residing in Queens County, New York.

15.     Plaintiff Peralta was employed by Defendants at the Fifth Avenue location from approximately April 2012 until on or about January 2013 and from approximately August 2013 until on or about December 12, 2017.

16.     Plaintiff Camila Alejandra Pinto Sila ("Plaintiff Pinto" or "Ms. Pinto") is an adult individual residing in Queens County, New York.

17.     Plaintiff Pinto was employed by Defendants at the 46th Street location and at the Fifth Avenue location from approximately June 2013 until on or about July 2016.

18.     Plaintiff Elizabeth Arias ("Plaintiff Arias" or "Ms. Arias") is an adult individual residing in Queens County, New York.

19.     Plaintiff Arias was employed by Defendants at the Fifth Avenue location from approximately December 2014 until on or about December 29, 2017.

20.     Plaintiff Lluvia Serna ("Plaintiff Serna" or "Ms. Serna") is an adult individual residing in Kings County, New York.

21.     Plaintiff Serna was employed by Defendants at the Fifth Avenue and the Tribeca locations from approximately June 2014 until on or about February 8, 2019.

22.     Plaintiff Maria Casarrubias (a/k/a Jenny) ("Plaintiff Casarrubias" or "Ms. Casarrubias") is an adult individual residing in Bronx County, New York.

23.     Plaintiff Casarrubias was employed by Defendants at the 46th Street location from approximately March 2017 until on or about March 2018.

24.     Plaintiff Yajaira Leonardo ("Plaintiff Leonardo" or Ms. Leonardo") is an adult individual residing in Queens County, New York.

25.     Plaintiff Leonardo was employed by Defendants at the Fifth Avenue location from approximately April 2012 until on or about December 2017.

*Defendants*

26.     At all relevant times, Defendants owned, operated, or controlled three salons, located at 611 5th Avenue, Seventh Floor, New York, NY 10022, 46 East 46th Street, New York, New York 10017, and 62 Laight Street, New York, New York 10013 all under the name "John Allan's."

27.     Upon information and belief, John Allan's Fifth Avenue LLC (d/b/a John Allan's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 611 5th Avenue, Seventh Floor, New York, NY 10022.

28.     Upon information and belief, The John Allan Company (d/b/a John Allan's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 46 East 46th Street, New York, NY 10017.

29.     Upon information and belief, JA Tribeca, LLC (d/b/a John Allen's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 46 East 46th Street, New York, NY 10017.

30.     Defendant John Allan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Allan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Allan possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations,

and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.    Defendant Emma Allan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Emma Allan is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Emma Allan possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.    Defendant Eduardo Menezes is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eduardo Menezes is sued individually in his capacity as a manager of Defendant Corporations. Defendant Eduardo Menezes possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

33.    Defendant Amory Costanzo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Amory Costanzo is sued individually in her capacity as a manager of Defendant Corporations. Defendant Amory Costanzo possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of

Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

34.    Defendant Maria Solano is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Maria Solano is sued individually in her capacity as a manager of Defendant Corporations. Defendant Maria Solano possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

35.    Defendants operate(d) three salons located in the Midtown East and Tribeca sections of Manhattan in New York City.

36.    Individual Defendants, John Allan, Emma Allan, Eduardo Menezes, Amory Costanzo, and Maria Solano, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

37.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

38.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

39.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

40.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

41.     Upon information and belief, Individual Defendants John Allan and Emma Allan operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

42.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

43.     In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

44.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the salon on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

45.     Plaintiffs are former employees of Defendants who were employed as manicurists, assistants, and hair washers. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alma Peralta*

46.     Plaintiff Peralta was employed by Defendants from approximately April 2012 until on or about January 2013 and from approximately August 2013 until on or about December 12, 2017.

47.     Defendants employed Plaintiff Peralta as a manicurist and a hair washer.

48.     Plaintiff Peralta regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

49.     Plaintiff Peralta's work duties required neither discretion nor independent judgment.

50.    Throughout her employment with Defendants, Plaintiff Peralta regularly worked in excess of 40 hours per week.

51.    From approximately August 2013 until on or about December 12, 2017, Plaintiff Peralta worked at the Fifth Avenue location from approximately 9:30 a.m. until on or about 6:00 p.m. to 7:30 p.m., four days a week and from approximately 9:30 a.m. until on or about 6:00 p.m. to 7:30 p.m. five days a week once a month (typically 34 to 40 hours per week and 42.5 to 50 hours per week).

52.    Throughout her employment, Defendants paid Plaintiff Peralta her wages by check.

53.    From approximately August 2013 until on or about December 12, 2017, Defendants paid Plaintiff Peralta a fixed salary of $65 per day plus commission per every pedicure.

54.    However, Plaintiff Peralta doesn't know how much she was earning in commission per pedicure.

55.    Defendants withheld a portion of Plaintiff Peralta's tips; specifically, Defendants pocketed almost 60% of all the tips customers paid to Plaintiff Peralta.

56.    Plaintiff Peralta's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

57.    For example, Defendants required Plaintiff Peralta to start working 30 minutes prior to her scheduled start time every day, and did not pay her for the additional time she worked.

58.    Defendants never granted Plaintiff Peralta any breaks or meal periods of any kind.

59.    Plaintiff Peralta was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Peralta regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Peralta an accurate statement of wages, as required by NYLL 195(3).

62.     In fact, Defendants adjusted Plaintiff Peralta's paystubs so that they reflected inaccurate wages and hours worked.

63.     Defendants did not give any notice to Plaintiff Peralta, in English and in Spanish (Plaintiff Peralta's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64.     Defendants required Plaintiff Peralta to purchase "tools of the trade" with her own funds—including nail files and utensils every month.

*Plaintiff Camila Alejandra Pinto Sila*

65.     Plaintiff Pinto was employed by Defendants from approximately June 2013 until on or about July 2016.

66.     Defendants ostensibly employed Plaintiff Pinto as a hair washer.

67.     Plaintiff Pinto regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

68.     Plaintiff Pinto's work duties required neither discretion nor independent judgment.

69.     Throughout her employment with Defendants, Plaintiff Pinto regularly worked in excess of 40 hours per week.

70.     For approximately two weeks in June 2013, Plaintiff Pinto worked at the 46th Street location from approximately 9:30 a.m. until on or about 7:00 p.m., five days a week (typically 47.5 hours per week).

71.     For approximately another two weeks in June 2013, Plaintiff Pinto worked at the 46th Street location from approximately 9:30 a.m. until on or about 6:30 p.m., on Mondays, from approximately 9:30 a.m. until on or about 1:00 p.m., Tuesdays through Fridays, and at the Fifth Avenue location from approximately 1:00 p.m. until on or about 7:00 p.m., Tuesdays through Fridays (typically 47 hours per week).

72.     From approximately July 2013 until on or about July 2016, Plaintiff Pinto worked at the Fifth Avenue location from approximately 10:30 a.m. until on or about 6:30 p.m., one day a week and from approximately 9:30 a.m. until on or about 7:00 p.m., Tuesdays through Fridays (typically 46 hours per week).

73.     Throughout her entire employment, Defendants paid Plaintiff Pinto her wages by check and sometimes by personal check.

74.     From approximately June 2013 until on or about July 2016, Defendants paid Plaintiff Pinto a fixed salary of $60 per day.

75.     Plaintiff Pinto's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

76.     For example, Defendants required Plaintiff Pinto to work an additional 30 minutes past her scheduled departure time on Thursdays, and did not pay her for the additional time she worked.

77.     Defendants never granted Plaintiff Pinto any breaks or meal periods of any kind.

78.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pinto regarding overtime and wages under the FLSA and NYLL.

79.     Defendants did not provide Plaintiff Pinto an accurate statement of wages, as required by NYLL 195(3).

80.     Defendants did not give any notice to Plaintiff Pinto, in English and in Spanish (Plaintiff Pinto's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.     Defendants required Plaintiff Pinto to purchase "tools of the trade" with her own funds—including shampoos and conditioners.

*Plaintiff Elizabeth Arias*

82.     Plaintiff Arias was employed by Defendants from approximately December 2014 until on or about December 29, 2017.

83.     Defendants employed Plaintiff Arias as an assistant.

84.     Plaintiff Arias regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

85.     Plaintiff Arias's work duties required neither discretion nor independent judgment.

86.     From approximately December 2014 until on or about December 29, 2017, Plaintiff Arias worked at the Fifth Avenue location from approximately 9:30 a.m. until on or about 7:30 p.m., Tuesdays through Fridays (typically 40 hours per week).

87.     Throughout her entire employment, Defendants paid Plaintiff Arias her wages by check.

88.     From approximately December 2014 until on or about December 29, 2017, Defendants paid Plaintiff Arias a fixed salary of $64 per day.

89.     Although Plaintiff Arias was granted a thirty-minute meal break, defendants constantly interrupted it requiring Plaintiff Arias to go back to work.

90.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Arias regarding overtime and wages under the FLSA and NYLL.

91.    Defendants did not provide Plaintiff Arias an accurate statement of wages, as required by NYLL 195(3).

92.    Defendants did not give any notice to Plaintiff Arias, in English and in Spanish (Plaintiff Arias's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Lluvia Serna*

93.    Plaintiff Serna was employed by Defendants from approximately June 2014 until on or about February 8, 2019.

94.    Defendants employed Plaintiff Serna as a manicurist and a hair stylist.

95.    Plaintiff Serna regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

96.    Plaintiff Serna's work duties required neither discretion nor independent judgment.

97.    Throughout her employment with Defendants, Plaintiff Serna regularly worked in excess of 40 hours per week.

98.    From approximately June 2014 until on or about May 2017, Plaintiff Serna worked at the Fifth Avenue location from approximately 10:30 a.m. until on or about 7:30 p.m., Mondays, Tuesdays, Wednesdays, and Fridays and from approximately 10:30 a.m. until on or about 8:00 p.m. to 8:15 p.m., Thursdays (typically 45.5 to 45.75 hours per week).

99.    From approximately June 2017 until on or about August 2017, Plaintiff Serna worked at the Tribeca location from approximately 10:00 a.m. until on or about 5:00 p.m. to 6:00 p.m., Mondays through Saturdays (typically 42 to 48 hours per week).

100.    From approximately September 2017 until on or about December 2017, Plaintiff Serna worked at the Fifth Avenue location from approximately 10:30 a.m. until on or about 7:30

p.m., Mondays, Tuesdays, Wednesdays, and Fridays and from approximately 10:30 a.m. until on or about 8:00 p.m. to 8:15 p.m., on Thursdays (typically 45.5 to 45.75 hours per week).

101.    From approximately January 2, 2018 until on or about January 27, 2019, Plaintiff Serna worked from approximately 9:30 a.m. until on or about 7:15 p.m., Mondays through Fridays (typically 48.75 hours per week).

102.    From approximately February 5, 2019 until on or about February 8, 2019, Plaintiff Serna worked from approximately 11:00 a.m. until on or about 7:30 p.m., Tuesdays, Wednesdays, and Fridays and from approximately 11:00 a.m. until on or about 8:00 p.m., on Thursdays (typically 34.5 hours per week).

103.    Throughout her employment, Defendants paid Plaintiff Serna her wages by check.

104.    From approximately June 2014 until on or about December 2015, Defendants paid Plaintiff Serna a fixed salary of $60 per day.

105.    From approximately January 2016 until on or about February 8, 2019, Defendants paid Plaintiff Serna a fixed salary of $70 per day.

106.    Defendants did not pay Plaintiff Serna her last four paychecks and $600, totaling approximately $3,400.

107.    Defendants never granted Plaintiff Serna any breaks or meal periods of any kind.

108.    Plaintiff Serna was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

109.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Serna regarding overtime and wages under the FLSA and NYLL.

110.    Defendants did not provide Plaintiff Serna an accurate statement of wages, as required by NYLL 195(3).

111.    Defendants did not give any notice to Plaintiff Serna, in English and in Spanish (Plaintiff Serna's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

112.    Defendants required Plaintiff Serna to purchase "tools of the trade" with her own funds—including shampoos, conditioners, lotion and oil every two months, and two brooms.

*Plaintiff Maria Casarrubias*

113.    Plaintiff Casarrubias was employed by Defendants from approximately March 2017 until on or about March 2018.

114.    Defendants employed Plaintiff Casarrubias as a manicurist.

115.    Plaintiff Casarrubias regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

116.    Plaintiff Casarrubias's work duties required neither discretion nor independent judgment.

117.    Throughout her employment with Defendants, Plaintiff Casarrubias regularly worked in excess of 40 hours per week.

118.    From approximately March 2017 until on or about March 2018, Plaintiff Casarrubias worked at the 46th Street location from approximately 10:00 a.m. until on or about 7:00 p.m., Mondays through Fridays (typically 45 hours per week).

119.    Throughout her employment, Defendants paid Plaintiff Casarrubias her wages by check.

120.    From approximately March 2017 until on or about March 2018, Defendants paid Plaintiff Casarrubias a fixed salary of $70 per day.

121.    Plaintiff Casarrubias was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

122.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Casarrubias regarding overtime and wages under the FLSA and NYLL.

123.    Defendants did not provide Plaintiff Casarrubias an accurate statement of wages, as required by NYLL 195(3).

124.    Defendants did not give any notice to Plaintiff Casarrubias, in English and in Spanish (Plaintiff Casarrubias's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Yajaira Leonardo*

125.    Plaintiff Leonardo was employed by Defendants from approximately April 2012 until on or about December 2017.

126.    Defendants employed Plaintiff Leonardo as a manicurist and a hair washer.

127.    Plaintiff Leonardo regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

128.    Plaintiff Leonardo's work duties required neither discretion nor independent judgment.

129.    From approximately March 2013 until on or about February 2015, Plaintiff Leonardo worked at the 46th Street location from approximately 10:00 a.m. until on or about 7:30 p.m. to 8:00 p.m., five days a week (typically 47.5 to 50 hours per week).

130.     From approximately March 2015 until on or about April 2015, Plaintiff Leonardo worked from approximately 10:00 a.m. until on or about 7:30 p.m. to 8:00 p.m., four days a week (typically 38 to 40 hours per week).

131.     From approximately May 1, 2015 until on or about May 31, 2015, Plaintiff Leonardo worked from approximately 10:00 a.m. until on or about 7:30 p.m. to 8:00 p.m., five days a week (typically 47.5 to 50 hours per week).

132.     From approximately June 2015 until on or about December 2017, Plaintiff Leonardo worked at the Fifth Avenue location from approximately 9:30 a.m. until on or about 7:30 p.m. four days a week and from approximately 9:30 a.m. until on or about 7:45 p.m. one day a week (typically 50.25 hours per week).

133.     Throughout her employment, Defendants paid Plaintiff Leonardo her wages by check.

134.     From approximately March 2013 until on or about February 2015, Defendants paid Plaintiff Leonardo a fixed salary of $693.33 semi-monthly.

135.     From approximately March 2015 until on or about April 2015, Defendants paid Plaintiff Leonardo a fixed salary of $514 semi-monthly.

136.     From approximately May 2015 until on or about December 2017, Defendants paid Plaintiff Leonardo a fixed salary of $693.33 semi-monthly.

137.     Plaintiff Leonardo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

138.     For example, Defendants required Plaintiff Leonardo to work an additional 30 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

139.    Defendants never granted Plaintiff Leonardo any breaks or meal periods of any kind.

140.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Leonardo regarding overtime and wages under the FLSA and NYLL.

141.    Defendants did not provide Plaintiff Leonardo an accurate statement of wages, as required by NYLL 195(3).

142.    In fact, Defendants adjusted Plaintiff Leonardo's paystubs so that they reflected inaccurate wages and hours worked.

143.    Defendants did not give any notice to Plaintiff Leonardo, in English and in Spanish (Plaintiff Leonardo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

144.    Defendants required Plaintiff Leonardo to purchase "tools of the trade" with her own funds—including shampoo and conditioner.

*Defendants' General Employment Practices*

145.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

146.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

147.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

148.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

149.     These Plaintiffs were paid at a rate that was lower than the minimum wage by Defendants.

150.     Defendants' time keeping system did not reflect the actual hours that Plaintiffs Peralta, Arias, Serna and Casarrubias worked.

151.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

152.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

153.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

154.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

155.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

156.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

157.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

158.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

159.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a

one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

160.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

161.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

162.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

163.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

164.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

165.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

166.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

167.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

168.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

169.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

170.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

171.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

172.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

173.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

174.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

175.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

176.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

177.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

178.  Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

179.  Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

180.  Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

181.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

182.  Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

183.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

184.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

185.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

186.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

187.    Plaintiff Peralta repeats and realleges all paragraphs above as though fully set forth herein.

188.    At all relevant times, Defendants were Plaintiff Peralta's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

189.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the

gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

190.    Defendants unlawfully misappropriated a portion of Plaintiff Peralta's tips that were received from customers.

191.    Defendants knowingly and intentionally retained a portion of Plaintiff Peralta's tips in violations of the NYLL and supporting Department of Labor Regulations.

192.    Plaintiff Peralta was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

193.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

194.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

195.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

196.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

197.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

198.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 22, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 26, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Alma Peralta

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      26 de febrero 2019

*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 28, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Camila Alejandra Pinto Sila

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                _____ 2 / 28 / 19 _____

Date / Fecha:                     28 de febrero 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 7, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              Elizabeth Arias

                                           Michael Faillace & Associates, P.C.
Legal Representative / Abogado:

Signature / Firma:

                                           07 de marzo de 2019
Date / Fecha:

*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 14, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Lluvia Serna

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              14 de febrero 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 5, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Maria Casarrubias

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      *Ma Concepcion Casarrubia*

Date / Fecha:                           05 de marzo de 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 20, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Yajaira Leonardo

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      20 de Marzo 2019

*Certified as a minority-owned business in the State of New York*